UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randy Tate, #43007A | ) C/A No. 2:08-03833-PMD-RSC |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| Kevin Brackett; Dan Hall; Erin Joyner; Sheriff Bryant; Lisa Collins, | ) |
| | ) |
| Defendants. | ) |

Randy Tate (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.* Plaintiff is a pre-trial detainee at the York County Detention Center/Moss Judicial Center (YCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. This complaint names prosecutors with the Solicitor's Office for the Sixteenth Judicial Circuit and the York County Sheriff as defendants.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134,

---

*Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. Further reference to this complaint brought under Title 42 of the United States Code will be by section number only.

110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the

pro se complaint is subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## Discussion

In this complaint, Plaintiff alleges that Defendants Kevin Brackett (Brackett), Erin Joyner (Joyner), Dan Hall (Hall), and Lisa Collins (Collins), who are prosecutors with the Solicitor's Office for the Sixteenth Judicial Circuit, have conspired to "maliciously prosecute" Plaintiff "due to bias news coverage" by Sheriff Bryant. (Compl. at 3.) Additionally, Plaintiff alleges that detainees at YCDC who are white and from South Carolina receive more favorable treatment than detainees who are black and from North Carolina. (Compl. at 3-4.)

Prosecutors are protected by immunity for activities in or connected with judicial proceedings. Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reid, 500 U.S. 478 (1991); Dababnah v. Keller-Burnside, 208 F.3d 467, 470 (4th Cir. 2000). In Imbler v. Pachtman, 424 U.S. 409 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of their duties,

have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. This absolute immunity from suit applies when prosecutors exercise their prosecutorial discretion, such as taking action in initiation and pursuit of criminal prosecution. *See Buckley v. Fitzsimmons*, 509 U.S. at 259; *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997); *Carter v. Burch*, 34 F.3d 257 (4th Cir. 1994); *Pachaly v. City of Lynchburg*, 897 F.2d 723 (4th Cir. 1990); *Weller v. Dep't of Soc. Servs.*, 901 F.2d at 387.

Defendants Brackett, Hall, Joyner, and Collins are entitled to absolute immunity from suit under § 1983 for their participation in Plaintiff's criminal prosecution even in a malicious prosecution action. *See Yaselli v. Goff*, 275 U.S. 503 (1927) (extending absolute immunity to federal prosecutors in malicious prosecution action through summary affirmance), aff'g 12 F.2d 396 (2d Cir. 1926). Brackett, Hall, Joyner and Collins should be dismissed as defendants in this case.

The only specific allegation in the complaint against Sheriff Bryant is that he participated in "biased news coverage." This allegation fails to state a constitutional violation. Sheriff Bryant should be dismissed as a defendant in this case.

Plaintiff's other complaint, that detainees at YCDC who are

4

white and from South Carolina receive more favorable treatment than detainees who are black and from North Carolina, fails to state a claim against any of these named defendants. Without specific allegations, Plaintiff's statements are not sufficient factual allegations to support claims against the named defendants. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d at 397 (upholding district court's dismissal of defendants where no allegations were made against them or suggested that defendants "played any part in the alleged violation"). Additionally, although the Court is bound to liberally construe his *pro se* complaint, this Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). Therefore, this case should be dismissed.

### Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. at 25; *Neitzke v. Williams*, 490 U.S. at 319; *Haines v. Kerner*, 404 U.S. at 519; *Todd v. Baskerville*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(i); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to

determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the notice on the following page.**

                                                            /s/ Robert S. Carr
                                                    Robert S. Carr
                                                United States Magistrate Judge

December 12, 2008
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).