## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randy Tate, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 2:08-CV-3833-PMD-RSC |
| v. ) | |
| ) | |
| Kevin Brackett; Dan Hall; ) | **ORDER** |
| Erin Joyner; Sheriff Bryant; and ) | |
| Lisa Collins, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon Plaintiff Randy Tate's ("Plaintiff") Objections to a United States Magistrate Judge's Report and Recommendation ("R&R") that the court dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Having reviewed the entire record, including Plaintiff's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

### PLAINTIFF'S COMPLAINT

Plaintiff, a detainee at the York County Detention Center/Moss Justice Center, brings this action pursuant to 42 U.S.C. § 1983. In his *pro se* Complaint, Plaintiff alleges that Defendants Kevin Brackett, Erin Joyner, Dan Hall, and Lisa Collins, who are all prosecutors with the Solicitor's Office for the Sixteenth Judicial Circuit, have conspired to "maliciously prosecute" Plaintiff "due to bias news coverage" by Sheriff Bryant. (Compl. at 3.) Additionally, Plaintiff alleges that detainees at York County Detention Center who are white and from South Carolina receive more favorable treatment than detainees who are black and from North Carolina. (Compl. at 3–4.)

**STANDARD OF REVIEW**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id. Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**ANALYSIS**

Plaintiff filed this action *in forma pauperis* under 28 U.S.C. § 1915. This section permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The Supreme Court has held that:

> the *in forma pauperis* statute, unlike Rule 12(b)(6), "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."

*Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Pursuant to this statute, the Magistrate Judge reviewed Plaintiff's Complaint and recommended that it be dismissed, without prejudice and without issuance and service of process. (R&R at 5.) Plaintiff objects to the Magistrate Judge's recommendation. He argues that Defendants did maliciously prosecute him and noted that if the court would "investigate this complaint thoroughly" by reviewing the defendants' files, such a review would "verify that white inmates cases are resolved more favorable than black inmates." Plaintiff further asserts that absolute immunity only extends to federal prosecutors. The court disagrees.

In *Imbler v. Pachtman*, the United States Supreme Court held that a state prosecutor had absolute immunity for the initiation and pursuit of a criminal prosecution, including presentation of the State's case at trial. *Imbler v. Pachtman*, 424 U.S. 409 (1976). The court explicitly concluded that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id.* at 431. Since the conduct that Plaintiff complains of against Defendants Brackett, Hall, Joyner, and Collins is "intimately associated with the judicial phase of the criminal process," the court agrees with the Magistrate Judge's ruling that these defendants should be dismissed from the case. *Id.* at 430. As against Sheriff Bryant, Plaintiff asserts that he participated in "biased news coverage." The Magistrate Judge recommended that this claim be dismissed as it failed to state a constitutional violation. (R&R at 4.) Plaintiff did not make a specific objection to this finding; therefore, the court is not required to give any explanation for adopting it. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

3

In regard to Plaintiff's allegations that white inmates from South Carolina receive more favorable treatment than detainees who are black and from North Carolina, the Magistrate Judge recommended that it be dismissed because it was not a claim asserted against any of these named defendants. The Magistrate Judge noted that "[w]ithout specific allegations, Plaintiff's statements are not sufficient factual allegations to support claims against the named defendants." The court agrees. Plaintiff did not remedy this deficiency of his Complaint in his Objections; rather, he asserted that, the court should "investigate this complaint thoroughly" by reviewing the defendants' files. As the Magistrate Judge noted, "this Court is not required to develop tangential claims from scant assertions in the complaint." (R&R at 5 (citing *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989) ("Federal courts have insisted that [prisoners] allege with specificity some minimum level of factual support in part to weed out at an early stage frivolous claims.") (internal quotation omitted)). Therefore, the court agrees with the Magistrate Judge's recommendation that Plaintiff's Complaint be dismissed.

## CONCLUSION

Therefore, based on the foregoing, it is **ORDERED** that Plaintiff's Complaint is **DISMISSED**, without prejudice, and without issuance and service of process.

**AND IT IS SO ORDERED.**

*[signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**April 7, 2009**
**Charleston, SC**

4